IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TONY JAMES STRICKLAND | § | |
| v. | § | CIVIL ACTION NO. 9:08cv124 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE ON RESPONDENT'S MOTION TO DISMISS

The Petitioner Tony Strickland, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Strickland was convicted of aggravated robbery in the 420th Judicial District Court of Nacogdoches County, Texas, receiving a sentence of 15 years in prison. He took a direct appeal, and his conviction was affirmed by the Twelfth Judicial District Court of Appeals on May 23, 2007; Strickland did not seek discretionary review.

Instead, on July 19, 2007, Strickland filed a state habeas corpus petition, complaining of ineffective assistance of counsel on appeal. This petition is still pending in the state district court and has not been forwarded to the Texas Court of Criminal Appeals, despite the passage of some 17 months.

Strickland raised eight grounds for relief in his federal habeas petition, of which only one - his claim of ineffective assistance of counsel on appeal - appears in his state petition. The Respondent was ordered to answer and filed a motion asking that the petition be dismissed for failure to exhaust state remedies. The Respondent conceded that exhaustion can be excused when the

1

corrective process is so clearly deficient as to render futile any effort to obtain relief, but says that the delay in ruling on Strickland's state petition does not rise to this level.  The Respondent cited three unpublished district court cases in which delays of up to 10 months were held insufficient to trigger this provision.  The Respondent further conceded that some Fifth Circuit cases have held that such delays can excuse the exhaustion requirement, but sought to distinguish these cases by asserting that they were decided prior to the habeas corpus reforms brought about by the Anti-Terrorism and Effective Death Penalty Act of 1996.

After review of the pleadings, the Magistrate Judge issued a Report on November 21, 2008, recommending that the Respondent's motion to dismiss be denied and that the exhaustion requirement be excused.  The Magistrate Judge noted that in the unpublished district court cases cited by the Respondent, the delays involved were all shorter than one year, whereas the Fifth Circuit decisions in which exhaustion was excused involved delays of longer than one year.  The Magistrate Judge observed that the pertinent portion of the exhaustion statute relating to exhaustion is identical to the language in the pre-AEDPA statute, and so there is no reason to suppose that the pre-AEDPA case law lacks precedential value.  The Magistrate Judge did state that any claims which Strickland raised which were not in his state petition are not exhausted even with the exhaustion requirement being excused, and recommended that Strickland be allowed to proceed only on the claim which he presented in his state petition.

The Respondent filed objections to the Magistrate Judge's Report on November 25, 2008.  These objections again attempt to distinguish the pre-AEDPA case law without showing why such case law should not remain valid precedent, and assert that Strickland still has a state remedy available in that he can seek mandamus from the Court of Criminal Appeals to order the trial court to forward Strickland's writ application.  The Respondent concedes that Strickland has previously sought such relief without success, but says that this prior attempt was made only three months after he filed his state petition and that a mandamus application now would have a better chance of being granted.

As the Magistrate Judge said, the pre- and post-AEDPA versions of the statute are the same, and so there is no reason to believe that the Fifth Circuit cases cited by the Magistrate Judge have lost their precedential value through enactment of the AEDPA. In addition, as the Magistrate Judge observed, the unpublished district court cases cited by the Respondent, in which the exhaustion requirement was not excused, involved delays of less than one year, while the Fifth Circuit cases, in which the exhaustion requirement was excused, all involved delays of more than one year. In this case, the delay has reached some 17 months, which is plainly sufficient to show that the state corrective process is inadequate or ineffective. The Respondent's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Respondent's motion to dismiss, the Report of the Magistrate Judge, the Respondent's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Respondent are without merit. It is accordingly

ORDERED that the Respondent's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Respondent's motion to dismiss for failure to exhaust state remedies (docket no. 21) is hereby DENIED as to the claim or claims which the Petitioner has presented to the state court in his state habeas application filed in July of 2007, for which the exhaustion requirement is hereby excused.

**SIGNED** this the **15** day of **December, 2008.**

_____
Thad Heartfield
United States District Judge