IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| TONY JAMES STRICKLAND | § | |
| v. | § | CIVIL ACTION NO. 9:08cv124 |
| DIRECTOR, TDCJ-CID | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Petitioner Tony Strickland, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Strickland was convicted of aggravated robbery on April 13, 2006, in the 420th Judicial District Court of Nacogdoches County, Texas, receiving a sentence of 15 years in prison. In his petition for federal habeas corpus relief, he raised a number of claims, including assertions that he had received ineffective assistance of counsel on appeal in a number of particulars, the trial court erred in sustaining a blanket invocation of the Fifth Amendment privilege against self-incrimination, the trial court erred by allowing a witness named Moore to invoke the privilege in front of the jury even though counsel for Moore informed the trial court of Moore's intention to invoke the privilege, the trial court erred in not allowing Strickland to present portions of Moore's former testimony after the State had presented other portions of this testimony; ineffective assistance of counsel for failing to request a jury instruction on mistake of fact; the trial court intimidated a witness by describing the penalty for perjury, following which the witness changed his testimony to be unfavorable to Strickland, a juror named Anders failed to inform the trial court that he had been involved in a

1

criminal proceeding in that court and had been represented by Strickland's counsel, and that Anders knew Strickland by reputation.

On July 2, 2008, the Magistrate Judge issued a Report recommending that the petition be dismissed for failure to exhaust state court remedies. Strickland filed objections pointing out that he had been denied the opportunity to exhaust his state court remedies, and the Magistrate Judge ordered the Respondent to answer the petition. The Respondent filed a motion to dismiss for failure to exhaust, and on November 21, 2008, the Magistrate Judge issued a Report recommending that this motion be denied. The Magistrate Judge noted that on July 19, 2007, Strickland had filed a state habeas corpus petition in the state district court, but as of November of 2008, that petition was still pending in the district court and had not been forwarded to the Texas Court of Criminal Appeals despite the passage of some 16 months since its filing. The Respondent's motion to dismiss was denied on December 15, 2008, and the Respondent was directed to answer Strickland's claims on the merits.

The Respondent stated, correctly, that only one of Strickland's grounds for relief - his claim that he had received ineffective assistance of counsel on appeal - had been presented to the state courts. The Magistrate Judge determined that this was Strickland's only exhausted claim and thus the only one which should be addressed on the merits, with each of the sub-points within that ground for relief that Strickland raised.

The Magistrate Judge carefully compared Strickland's state and federal habeas corpus petitions in order to ascertain exactly what allegations were exhausted. Upon such comparison, the Magistrate Judge determined that Strickland had exhausted his claim of ineffective assistance of counsel with respect to his allegations that counsel failed to raise the following issues on appeal: (1) the relationship of a juror named Anders with trial counsel and his knowledge of Strickland; (2) improper admission of the testimony of a person named Moore from an earlier trial; (3) after this testimony was improperly admitted, Strickland was not allowed to include other portions of it under the Rule of Optional Completeness; (4) Moore should not have been allowed to assert his Fifth

Amendment privilege in front of the jury; and (5) trial counsel erred by failing to request an instruction on "mistake of fact." Strickland also raised an exhausted claim that he received ineffective assistance of counsel on appeal in that he did not receive a copy of the appellate brief from his attorney. The remainder of the claims in the petition had not been presented to the state courts in Strickland's state habeas petition and thus were unexhausted.

The Magistrate Judge then reviewed the exhausted allegations on their merits and determined that they were without merit. In so doing, the Magistrate Judge applied the standards set out by the Fifth Circuit and the Supreme Court, which standards provide that in order to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must show that had counsel performed differently, there would have been revealed issues and arguments of merit on appeal. Sharp v. Puckett, 930 F.2d 450, 453 (5th Cir. 1991); Smith v. Robbins, 528 U.S. 259. 285 (2000). The Magistrate Judge discussed each of Strickland's exhausted allegations and concluded that he had failed to satisfy this standard.

With regard to the unexhausted claims, the Magistrate Judge recommended that under the "unique circumstances" of the case, including the inordinate delay in the processing of the state habeas corpus petition, the exhausted claims raised in Strickland's state habeas petition should be dismissed without prejudice. The Magistrate Judge recognized that Strickland's state habeas petition had been forwarded to the Court of Criminal Appeals by the trial court on May 18, 2009, some 22 months after it was filed, and that it had been denied without written order on June 3, 2009, but stated that the fact that his state petition was finally heard did not change the analysis of the federal petition because the Court had determined that exhaustion of the claims raised in the state petition was excused by reason of the excessive delay.

Strickland filed his response to the Magistrate Judge's Report on July 6, 2009. In his response, Strickland states that he believes that the Court is viewing his pleadings with a "considerable amount of fairness and integrity" and so he will not "argue points to the Court which are not based on a legal theory from Strickland's viewpoint." He says that he sent a copy of a

3

"supplemental responsive brief" but that it was returned to him as exceeding the 20-page limit set out in the Local Rules of the Eastern District of Texas, and that in this brief, he makes arguments which may justify the withdrawal of the Report. Strickland states that he is "grateful" that the Court recommended that his unexhausted claims be dismissed without prejudice, but says that he has filed a supplemental brief in state court raising these issues, but the Court of Criminal Appeals "failed to acknowledge its existence"; thus, Strickland says that he can "legally argue that he exhausted those claims." He also says that there is no state corrective process by which he can present these unexhausted claims because of the Court of Criminal Appeals' rule against abuse of the writ.

Strickland goes on to cite a case called United States v. Dean, 788 F.Supp. 306 (E.D.Tex. 1992), in which he says that this Court excused the fact that a habeas corpus petitioner did not raise a claim in his first petition because "he was acting *pro se* and did not discover the legal significance of this claim until later." He says that the Court went on to say that because Dean did not have "actual knowledge" of the claim, consideration of his successive petition was not barred under the successive writ doctrine. In his case, Strickland says, because he tried to file a supplemental brief and it was not considered by the Court of Criminal Appeals, there is an "absence of a state corrective process" which excuses the exhaustion requirement. He therefore asks that the claims which the Magistrate Judge determined to be unexhausted be deemed exhausted and addressed on the merits.

Dean relies in Jones v. Estelle, 722 F.2d 159, 163 (5th Cir. 1983), in which the Fifth Circuit drew a distinction between successive habeas corpus petitions filed by counsel, and those filed by individuals acting *pro se*. However, Jones has been overruled and is no longer the law. In Saahir v. Collins, 956 F.2d 115, 119 (5th Cir. 1992), the Fifth Circuit held that no distinction should be drawn between persons proceeding *pro se* and those represented by counsel where no objective external factor prevented him from raising the new claims in prior petitions, and *pro se* status does not count as such a factor. Saahir, 956 F.2d at 119, *citing* McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Dean, like Jones, was thus effectively overruled by Saahir. To the extent that Strickland relies on Dean, his objections are without merit.

Strickland also says that he filed a "supplemental pleading" with the state courts raising his previously unexhausted claims, but that the Court of Criminal Appeals "would not acknowledge its existence." Based on this, he says, these claims should be deemed exhausted as well. However, Strickland has not shown that the method by which he presented these claims was a procedurally proper manner, as is necessary to satisfy the exhaustion requirement. Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999). *See, e.g.*, Martinez v. Dretke, 173 Fed.Appx. 347 (5th Cir., March 31, 2006) (not selected for publication in the Federal Reporter) (available on WESTLAW at 2006 WL 845504) (issues raised for the first time in a late supplement to petitioner's first state habeas petition were not properly exhausted); *accord*, Carey v. Quarterman, civil action no. 3:06cv2184 (N.D.Tex., August 24, 2008) (unpublished) (available on WESTLAW at 2008 WL 4061420). As Carey observes, the Texas Court of Criminal Appeals may in its discretion decline to consider late-filed supplemental claims on collateral review. Ex Parte Watkins, 770 S.W.2d 816, 819 (Tex.Crim.App. 1989). Strickland's pleading make clear that the Court of Criminal Appeals declined to consider his supplemental petition. Consequently, these claims cannot be deemed exhausted, and Strickland's objections are without merit.[1]

The Respondent filed objections to the Magistrate Judge's Report on July 9, 2009. In his objections, the Respondent states that after the answer was filed, the Court of Criminal Appeals disposed of Strickland's state petition, which was pending at the time that the answer was filed. Because the state petition was denied on the merits, the Respondent says that Strickland is now barred from reasserting in a subsequent application those claims which the Magistrate Judge said

---

[1] In another supplemental pleading, Strickland refers to a case called Torres v. State, 137 S.W.3d 191 (Tex.App.-Houston [1st Dist.] 2004, no pet.), in which the First Judicial District Court of Appeals held that a defendant is entitled to an instruction that the jury cannot draw an adverse inference from his co-defendant's invocation of his Fifth Amendment privilege against self-incrimination. However, he raises no such claim in his petition, and he cannot raise new issues in his objections to the Report of the Magistrate Judge. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001), *citing* United States v. Armstrong, 951 F.2d 626, 630 (5th Cir. 1992); Cupit v. Whitley, 28 F.3d 532, 535 n.5 (5th Cir. 1994).

were unexhausted and should be dismissed without prejudice. Thus, the Respondent contends that these claims are now procedurally barred and should be dismissed with prejudice.

While the Respondent's objections carry a certain amount of force, the Court is mindful that this case presented unique circumstances - specifically, the fact that Strickland's petition was held at the state district court for almost two years before being forwarded to the Court of Criminal Appeals. In addition, the dismissal of the unexhausted claims without prejudice does not obviate the exhaustion requirement itself, but simply allows Strickland to again seek federal habeas corpus relief upon those claims, when he can show that the exhaustion requirement has been met or plausibly argue that this requirement should be excused. The Court has therefore concluded that the Respondent's objections are also without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original and amended petitions, the answer filed by the Respondent, the Petitioner's response thereto, the state court records, the Report of the Magistrate Judge, the objections of the parties, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the parties are without merit. It is accordingly

ORDERED that the objections of the parties are OVERRULED and the Report of the Magistrate Judge is hereby ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice as to Strickland's claims that appellate counsel was ineffective by not providing him with a copy of the appellate brief and by failing to raise the following issues on appeal: (1) Anders' relationship with trial counsel and knowledge of Strickland; (2) Moore's testimony in the earlier trial was improperly admitted; (3) after this testimony was improperly admitted, Strickland was not allowed to include other portions of it under the Rule of Optional Completeness; (4) Moore should not have been allowed to assert his Fifth Amendment privilege in

front of the jury; and (5) trial counsel erred by failing to request an instruction on "mistake of fact." It is further

ORDERED that this application for the writ of habeas corpus be and hereby is DISMISSED without prejudice as to all other claims. It is further

ORDERED that the Petitioner Tony Strickland is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED** this the **25** day of **August, 2009.**

_____
Thad Heartfield
United States District Judge